UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREESTYLE SLIDES, INC.,
a Florida Corporation,   CASE NO.: 6:17-cv-169-Orl-41GJK

    Plaintiff/Counter-Defendant,

v.

SUPER SWEET AIR, INC., d/b/a FUNAIR,
a Texas Corporation, MARK ANASTASIA, an
individual and ERIC GOLDREYER, an individual,

    Defendants/Counter-Plaintiffs.
_____/

# CASE MANAGEMENT REPORT

    The parties acknowledge that Judge Mendoza has a Case Management Report specifically for patent cases, but because Defendants' Counterclaim is for design patent infringement as opposed to utility patent infringement, the parties do not believe that it is necessary to utilize the patent-specific Case Management Report due to the fact that there is only one claim in a design patent and that is for the ornamental design of the product. Because of this, there would be no need for disputed claim terms, claim term constructions, joint claim construction statements, a Markman hearing, a technology tutorial conference or many of the other deadlines included in the patent-specific report. Based on the foregoing, the parties respectfully request that this Court allow the parties to use the instant Case Management Report as opposed to the patent-specific report.

    The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c).

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | June 2, 2017 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | August 18, 2017 |
| **Disclosure of Expert Reports**      Party with Burden of Proof: Rebuttal Expert Reports: [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | March 9, 2018 April 6, 2018 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | June 1, 2018 |
| **Dispositive Motions, *Daubert* and *Markman* Motions** [Court requires 5 months or more before trial term begins] | July 2, 2018 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | September 6, 2018 |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with Diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Final Pretrial Conference] | September 17, 2018 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | October 29, 2018 |
| **Final Pretrial Conference** [As needed, the Court will set a date that is approximately 4 weeks before trial] | TBD |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions | November 5, 2018 |

2

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| is waived); district judge trial terms typically begin on Monday preceding the 1st day of the month; trials before magistrate judges will be set on a date certain after consultation with the parties] | |
| **Estimated Length of Trial**  [trial days] | 7 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline:   June 8, 2018<br><br>Mediator:   C. Douglas McDonald<br><br>Address:   Carlton Fields, PA<br>               PO Box 3239<br>               Tampa, FL 33601-3239<br><br>Telephone:  (813) 229-4234<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators] | June 8, 2018 |

**I.      Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (cc)(3)(A),[1] a meeting was held in person on June 27, 2017 at 10:00 a.m. at the offices of Beusse Wolter Sanks & Maire, PLLC, 390 North Orange Avenue, Suite 2500, Orlando, Florida 32801, and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Amber N. Davis, Esquire | Plaintiff |
| David S. Wood, Esquire | Defendants |
| Christina Bredahl Gierke, Esquire | Defendants |
| London L. Ott, Esquire | Defendants |

**II.     Pre-Discovery Initial Disclosures of Core Information**
        **Fed.R.Civ.P. 26(a)(1)(A) – (D) Disclosures**

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged \_\_\_X\_\_\_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1) on or by June 2, 2017.

### III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that:

_____    no party anticipates the disclosure or discovery of ESI in this case;

\_\_X\_\_    one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

A.    The form or forms in which ESI should be produced.

The parties agree that ESI shall be produced in its native format (whenever possible), as kept in the normal course of business. Native files shall be provided in a "file-by-file" format, with accompanying metadata in a Concordance delimited .DAT file. Examples of this are .msg, .eml, .doc, .xls, etc. Each native file should be named after the corresponding control number, with the following metadata fields as applicable (BegDoc, EndDoc, ParentID, FamilyID, BegAttach, EndAttach, ITEM_ID, Attachment Count, Attachment List, Application Name, DocTitle, DocDate, Author, From, BCC, CC, Creation Date, Creation Time, Modified Date, Modified Time, Document Type, Email Relative Path, Entry ID, File Extension, File Size, Hash

4

Code (MD-5 or SHA-1), Message ID, FileName, Sent Date, Sent Time, Received Date, Received Time, Subject, Recipients, Relative Path, Custodian, Language, AttachIDs, ConversationTopic, ConversationID, Orig Doc Path, Exception, DUPLICATE_LOCATIONS, Application Date Last Saved, Application Time Last Saved, Application Date Created, Application Time Created, Duplicate Custodians, TextFile_Path, NativeFile_Path) included in a Concordance delimited .DAT file.

Imaged electronic documents shall be produced in single page tiff format in which each page is named after the assigned Bates/Control Number, with corresponding document level OCR. The image load file shall be in Concordance Opticon (.OPT) format with accompanying metadata produced in a Concordance delimited .DAT file with the following metadata fields as available (BegDoc, EndDoc, ParentID, FamilyID, BegAttach, EndAttach, ITEM_ID, Attachment Count, Attachment List, Application Name, DocTitle, DocDate, Author, From, BCC, CC, Creation Date, Creation Time, Modified Date, Modified Time, Document Type, Email Relative Path, Entry ID, File Extension, File Size, Hash Code (MD-5 or SHA-1), Message ID, FileName, Sent Date, Sent Time, Received Date, Received Time, Subject, Recipients, Relative Path, Custodian, Language, AttachIDs, ConversationTopic, ConversationID, Orig Doc Path, Exception, DUPLICATE_LOCATIONS, Application Date Last Saved, Application Time Last Saved, Application Date Created, Application Time Created, Duplicate Custodians, TextFile_Path, NativeFile_Path). If native documents are included (Excel, Database, non-imaged files), the relative path to the native file shall be included in the .DAT file.

Imaged paper files shall be produced in single page tiff format in which each page is named after the assigned Bates/Control Number, with corresponding document level OCR. A load file in Concordance Opticon (.OPT) format shall be provided. Files shall be produced at the

5

document level by staples, paper clips, binder clips, or in other reasonable order. Fields to be included in Imaged paper productions include begdoc, enddoc, pgcount, and any identifying information such as Box number, folder headings, file labels, etc.

      B.      Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

Topics will include those raised in the pleadings. The time period will vary depending on the subject matter of the discovery.

      C.      Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

Yes. See response to "A" above as well.

      D.      The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

The sources of ESI would include any source of data associated with the custodians who had any contact with the relationship between the plaintiff and the defendants. On the plaintiff's side it is anticipated that those would comprise the following individuals:

- Stephen Philp
- Donna Philp
- Ron Crater
- Tom Addoms
- Carey Philp

On the defendants' side it is anticipated that those would comprise:

- Mark Anastasia
- Julie Anastasia
- Eric Goldreyer
- Todd Lewis
- John Courtney

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

Plaintiff's contact with knowledge of the types of data involved and method to access will be disclosed in Plaintiff's initial disclosures. Defendants' contact with knowledge of the types of data involved and method to access will be disclosed in Defendants' initial disclosures.

F. Any issues relating to preservation of discoverable ESI.

Counsel for all parties represent affirmatively to the court that they have instructed their clients to preserve all data in their possession, custody, and control that may be even remotely relevant to this matter. The parties agree that they are not responsible for any destruction and/or alteration of potentially relevant data as a result of that data being seized by a governmental entity.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective

order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

Pursuant to Federal Rules of Evidence 502(b) and 502(e), the parties agree that the inadvertent production of any confidential, privileged, or work product documents shall be without prejudice to any claims that the document(s) is/are confidential or privileged, and shall constitute neither a waiver (in the pending case or in any other federal or state proceeding) of any claim of privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

The parties intend to conduct discovery in a single phase if possible.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

The parties are not aware of any disagreements at this time.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

> ____   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

> __X__   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.     Certificate of Interested Person and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has no already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No

   **B.     Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  See Local Rule 3.03 (f).  The parties further agree as follows:

   **C.     Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree

by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. <u>Document Requests</u> - the parties have agreed to limit Document Requests to a total of 75 requests per side. Should either party need to make additional discovery requests above and beyond 75, the parties will in good faith attempt to resolve the matter, and if unable to resolve the matter will make an appropriate Motion with this Court showing good cause as to the need for additional requests above the agreed upon 75.

2. <u>Requests to Admit</u> - the parties have agreed to limit Request for Admissions to a total of 75 requests per side. Should either party need to make additional Requests for Admissions above and beyond 75, the parties will in good faith attempt to resolve the matter, and if unable to resolve the matter will make an appropriate Motion with this Court showing good cause as to the need for additional Requests for Admissions above the agreed upon 75.

   **D.    Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: N/A

   **E.    Disclosure of Expert Testimony --**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct

examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: N/A

      F.      **Confidentiality Agreements --**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties will negotiate in good faith with regard to a confidentiality agreement.

G. **Other Matters Regarding Discovery –**

With respect to "electronic discovery", the parties agree to work together and cooperate with each other to produce electronically stored information in the format requested by the requesting party, to the extent the parties disagree as to the reasonableness or feasibility of producing the information in the format requested, and the parties are unable to resolve such disagreement despite good faith efforts to do so, the producing party may produce the information requested in the format in which it is stored unless ordered by the Court to produce the requested information in some other manner.

With respect to paper documents, the parties may either make such documents available for inspection as they are maintained in the ordinary course of business or exchange the documents in an agreed upon electronic format (as reasonably determined by the parties' e-discovery vendors) that will allow the images to be loaded to a document production database. The parties are not required to provide optical character recognition ("OCR") or coded content with their document productions but will confer in good faith regarding cost sharing OCR production issues. To the extent electronic information produced in this case is kept in the ordinary course of business in electronic, plain text (e.g., ASCII text) files, such information will be produced or made available for inspection in that format.

The parties further agree that the inadvertent disclosure of privileged material does not constitute a waiver of privilege or confidentiality. The parties further agree to promptly surrender any documents or data they receive from another party if a privilege claim is asserted in a timely manner after the producing party learns of any inadvertent disclosure, and if there is a disagreement, to place the documents or data on a privilege log for review by the Court by motion. The parties also agree that the receiving party will promptly notify the producing party

if it reasonably believes that the producing party has inadvertently disclosed privileged information.

V.   **Settlement and Alternative Dispute Resolution.**

    A.   **Settlement --**

        The parties agree that settlement is
        _____likely        ___X___ unlikely    (check one)

        The parties request a settlement conference before a United States Magistrate Judge:
        Yes _____   No_____Likely to request in future____X____

    B.   **Arbitration –**

    The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

        Yes _____       No___X___

    C.   **Mediation -**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at **http://www.flmd.uscourts.gov**.

    D.   **Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution: Confidential settlement communications under Rule 408.

13

Signature of Counsel (with information required by Local Rule 1.05(d) and Signature of Unrepresented Parties.

DATED this 3rd day of May, 2017.

Respectfully submitted,

| | |
|---|---|
| Beusse Wolter Sanks & Maire, PLLC<br>390 North Orange Avenue, Suite 2500<br>Orlando, Florida  32801<br>Telephone: (407) 926-7716<br>Facsimile: (407) 926-7720<br>E-mail: adavis@bwsmiplaw.com<br>E-mail: kwimberly@bwmsiplaw.com<br><br>***Attorneys for Plaintiff,***<br>***FREESTYLE SLIDES, INC.***<br><br>*/s/ Amber N. Davis*<br>Amber N. Davis<br>Florida Bar No:  0026628<br>Kevin W. Wimberly<br>Florida Bar No: 0057977 | Cole, Scott & Kissane, P.A.<br>Tower Place, Suite 400<br>1900 Summit Tower Boulevard<br>Orlando, Florida 32810<br>Telephone: (321) 972-0025<br>Facsimile: (321) 972-0099<br>Email: Christina.gierke@csklegal.com<br>Email: Jeffrey.partlow@csklegal.com<br><br>***Attorneys for Defendants,***<br>***SUPER SWEET AIR, INC., d/b/a***<br>***FUNAIR and ERIC GOLDREYER***<br><br>*/s/ Christina Bredahl Gierke*<br>Christina Bredahl Gierke<br>Florida Bar No: 0055462<br>Jeffrey M. Partlow<br>Florida Bar No: 110627<br><br>Akerman LLP<br>P.O. Box 231<br>Orlando, Florida 32802-0231<br>Telephone: (407) 423-4000<br>Facsimile: (407) 843-6610<br>Email: david.wood@akerman.com<br><br>***Co-Counsel for Defendants, SUPER***<br>***SWEET AIR, INC., d/b/a FUNAIR,***<br>***MARK ANASTASIA and ERIC***<br>***GOLDREYER***<br><br>*/s/ David S. Wood*<br>David S. Wood<br>Florida Bar No.: 289515<br>London L. Ott<br>Florida Bar No.: 95058 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.

>*/s/ Amber N. Davis*
> Attorney